SOO LINE RAILROAD COMPANY, a foreign corporation, Plaintiff-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE, Defendant-Respondent-Petitioner.

Supreme Court

*No. 77–658. Argued May 7, 1980.—Decided June 9, 1980.*

(Also reported in 292 N.W.2d 869.)

For the respondent-petitioner the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the plaintiff-appellant there were briefs by *John S. Best, Willard C. Jackson* and *Michael, Best & Friedrich* of Milwaukee, and oral argument by *John S. Best.*

PER CURIAM. This is a review of a decision of the court of appeals, *Soo Line R. Co. v. Department of Revenue,* 89 Wis.2d 331, 278 N.W.2d 487 (Ct. App. 1979), which reversed a judgment of the circuit court for Dane county affirming the Wisconsin Department of Revenue's assessment for the 1973 ad valorem tax upon the Soo Line Railroad's operating property within the state of Wisconsin.

Under ch. 76, Stats., the Department of Revenue (DOR) is required to ascertain and determine, according to its best knowledge and judgment, the full market value of the operating property of railroads, public utilities, and various other companies within the state. An equalized rate of taxation is then applied to the value assessed by the DOR to determine each company's property tax liability for the year in question.

The DOR appraised Soo Line's railroad operating property for the year 1973 on a system-wide basis at $143,577,000 and allocated 39.02 percent, or $56,000,000, to Wisconsin. On the basis of this assessment, a tax of $1,628,164.23 was levied against the railroad.

Pursuant to sec. 76.08, Stats., Soo Line commenced an action for review of the assessment in the Dane County Circuit Court. Following a trial at which five different appraisers gave their opinions as to the value of the property to be taxed, the circuit court entered judgment affirming the DOR's assessment.

The court of appeals reversed the judgment of the circuit court. In a thorough and well-written opinion, it reviewed each of the valuation methods used by the DOR and its outside expert in appraising the operating property of the railroad. It concluded that the DOR's assessment of Soo Line's operating property within the state was substantially more than the fair market value of such property and that the circuit court's finding to the contrary was against the great weight and clear preponderance of the evidence.

We have carefully reviewed the opinion of the court of appeals and have exhaustively examined the trial court record. With one reservation, we summarily affirm the decision of the court of appeals. We conclude, as did that court, that the DOR improperly applied the income capitalization, cost, and stock and debt methods of determining value and, as a result, assessed the Soo Line's property at substantially more than its full value. We also agree that the appraisal performed by John Green, an outside appraiser who testified on behalf of the DOR, cannot independently substantiate the DOR's appraisal because of significant errors made in his use of the income capitalization method of valuation.

We disavow only that portion of the court of appeals decision in which it held that the cost method of valuation cannot be used in determining the value of the Soo Line's operating property. While we recognize the difficulty of applying the cost method to an enterprise such as a railroad, much of which was constructed as long ago as the preceding century, we are unwilling to say that this method, properly adjusted for the full amount of obsolescence and weighted accordingly, cannot be used as an aid in determining the value of the Soo Line's operating property.

In conclusion, we wish only to add several comments regarding the proper standard of review to be used in a case such as this.

On appeal, the DOR has argued that the court of appeals clearly overstepped its bounds in reversing the judgment of the trial court. It contends that the trial court's finding that the DOR assessment is not substantially more or less than the actual fair market value of the railroad's operating property is a factual determination which must be accepted on review unless contrary to the great weight and clear preponderance of the evidence. Pointing to the fact that an equal number of experts testified both in favor of and against its assessment, the DOR claims the court of appeals clearly erred in finding the trial court's factual determination against the great weight and clear preponderance of the evidence.

If the question here at issue were more in the nature of the typical factual determination that trial courts are required to make, we would find this argument quite persuasive. Generally, factual determinations are made on the basis of the factfinder's observations of the witnesses as they relate their version of the events in question. Particularly where different witnesses give conflicting testimony, the factfinder's opportunity to observe the witnesses as they testify under oath and subject to cross-examination places him in a much better position to evaluate the truthfulness of their respective testimony. A witness' demeanor on the stand and the manner in which he answers questions are indications of truthfulness which cannot be conveyed in a written record. It is primarily for this reason that appellate courts have traditionally accorded substantial weight to factual findings made at the trial level.

However, the question to be determined here has little to do with the credibility of witnesses, at least in the sense that phrase is generally used. The DOR's assess-

ment of the Soo Line's operating property is the product of an abstract formula devised by DOR and applied to the facts or data which are themselves undisputed. In determining whether the DOR's assessment was substantially more or less than the actual fair market value of the Soo Line's property, the trial court was required to decide whether the application of that formula in this case produced a result which substantially reflected the full value of the railroad. This determination requires not so much an evaluation of the truthfulness of the witnesses, but rather an examination of the formula that was used to arrive at the challenged valuation. It requires an understanding and rational assessment of the mathematic and economic principles underlying the basic formula and the specific adjustments made by the DOR.

Clearly, a trial court stands in no better position to make such an assessment than an appellate court. In fact, it may well be, because of time constraints and a lack of available resources, that a trial court is less able to devote the time and effort necessary to critically evaluate a disputed valuation. For this reason we conclude that in reviewing a trial court's judgment which rests upon an abstract formula such as the one used here, an appellate court need not accord special deference to that court's ultimate factual determination.

*By the Court.*—The decision of the court of appeals reversing the judgment of the circuit court for Dane county is affirmed.