STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Glen WHITE, Defendant-Appellant [Case No. 78–571.]

Martin FALCON, Defendant-Appellant [Case No. 78–612.]

Lindley THOMPSON, Defendant-Appellant [Case No. 78–613.]

Robin ROBERTS, Defendant-Appellant [Case No. 78–594.].

Supreme Court

*Nos. 78–571, 78–612, 78–613, 78–594. Argued June 4, 1980.— Decided June 27, 1980.*

(Also reported in 295 N.W.2d 346.)

For the plaintiff-respondent-petitioner the cause was argued by *Pamela Magee-Heilprin,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general. There was also a brief by *David A. Shudlick,* assistant district attorney of Monroe county.

For the defendants-appellants there was a brief and oral argument by *Steven P. Weiss,* assistant state public defender.

DAY, J.   The four defendants were convicted of offenses arising under the motor vehicle laws.  Each challenged his conviction on identical grounds, therefore, their cases were consolidated on appeal.  Three of the de-

fendants, Martin Falcon, Robin Roberts, and Glen White, were charged with operating a motor vehicle after license revocation contrary to sec. 343.44, Stats. 1977. The fourth defendant, Lindley Thompson, was charged with operating a motor vehicle while intoxicated, second offense, contrary to sec. 346.63, Stats. 1977. Each defendant was found guilty of the charged offense, and sentenced to a mandatory minimum term in the county jail.[1]

The issues to be addressed on this review are:

1. When a defendant is charged with an offense which upon conviction carries a mandatory jail term, must the complaint satisfy the requirements of probable cause?

We conclude that the complaint must.

2. If the complaint must state probable cause, do the uniform traffic citations and complaints issued to these defendants state probable cause?

We conclude that they do not.

Each of the defendants was issued a uniform traffic citation and complaint, which served as the charging document for the institution of these proceedings. The defendants moved before trial to dismiss the prosecution based on the legal insufficiency of the uniform traffic citation and complaint under state statutory law, and the state and federal constitutions. The motions to dismiss were denied, and after conviction appeals were taken. The court of appeals vacated the convictions[2] holding that the uniform traffic citation and complaints were in-

[1] The sentence of Robin Roberts was stayed pending appeal. He was also ordered to pay a fine. The other three defendants were ordered to pay a forfeiture. The labelling of the monetary assessment as a forfeiture was erroneous. The defendants were fined because that is the only kind of monetary penalty provided for convictions of the charged offenses.

[2] Unpublished, dated and released May 25, 1979, 91 Wis.2d 863, 280 N.W.2d 786 (1979).

sufficient to confer personal jurisdiction on the circuit court over the defendants.[3]

## 1. WHEN A DEFENDANT IS CHARGED WITH AN OFFENSE WHICH UPON CONVICTION CARRIES A MANDATORY JAIL TERM, MUST THE COMPLAINT SATISFY THE REQUIREMENTS OF PROBABLE CAUSE?

The state does not contend that the defendants were not charged with crimes. A crime as defined in the statutes is ". . . conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime." Sec. 939.12, Stats. 1977; *see, State ex rel. Prentice v. County Court,* 70 Wis.2d 230, 241, 234 N.W.2d 283 (1975) ; *State ex rel. Winnie v. Harris,* 75 Wis.2d 547, 553, 249 N.W.2d 791 (1977). Because a mandatory term of incarceration is part of the punishment for the offenses charged, the defendants were convicted of crimes. The criminal procedure code mandates that its provisions ". . . shall govern all criminal proceedings. . . ." Sec. 967.01, Stats. 1977.

Prosecution of a misdemeanor criminal case is to be by a complaint or an indictment. Sec. 967.05, Stats. A complaint to be valid must contain ". . . a written statement of the essential facts constituting the offense charged. It may be made on information and belief. It shall be made upon oath before a district attorney or

---

[3] A motion to strike the factual assertion made in the state's brief that the defendants were not arrested was made by the defendants' attorney in this Court. We delayed consideration of this motion until a decision was rendered on the merits. The state concedes that there existed a factual error in its brief regarding the arrests of the defendants. It correctly noted, however, that for the purposes of this appeal, whether the defendants were arrested is not relevant. The motion is denied.

judge as provided in this chapter." Sec. 968.01, Stats. 1977.

■ The complaint in a criminal case must meet probable cause requirements to confer personal jurisdiction on the circuit court.

"The complaint issued subsequent to a valid arrest must meet probable cause requirements. . . .

" 'While its purpose is no longer to authorize the seizure of the person of the defendant, it is the jurisdictional requirement for holding a defendant for a preliminary examination or other proceedings. The face of the complaint and any affidavits annexed thereto must recite probable cause for defendant's detention.' " *State v. Asfoor*, 75 Wis.2d 411, 426, 249 N.W.2d 529 (1977) *quoting from State ex rel. Cullen v. Ceci*, 45 Wis.2d 432, 442–443, 173 N.W.2d 175 (1970); *State ex rel. Evanow v. Seraphim*, 40 Wis.2d 223, 226, 161 N.W.2d 369 (1968).

This is a requirement of state statutory law. *State ex rel. Evanow v. Seraphim, supra.* A defect in the issuance of the complaint prevents the exercise of jurisdiction over the person. *Scheid v. State*, 60 Wis.2d 575, 579, 211 N.W.2d 458 (1973).

Conceding that probable cause is required to be stated on the face of the complaint in all other criminal proceedings, the state asserts that when the uniform traffic citation and complaint is used as a charging document in criminal cases, it does not have to recite probable cause to confer personal jurisdiction over the defendant on the circuit court. We do not agree.

Use of the uniform citation and complaint is provided for in sec. 345.11, Stats. 1977. Two subsections of sec. 345.11, Stats., are pertinent to the resolution of the jurisdictional question presented. They are:

"(1) On and after July 1, 1969 the uniform traffic citation created by this section shall in the case of moving traffic violations and may in the case of parking vio-

lations be used by all law enforcement agencies in this state which are authorized to enforce the state traffic laws and any local traffic laws enacted by any local authority in accordance with s. 394.06. . . .[4]

"(5) Notwithstanding any other provision of the statutes, the use of the uniform traffic citation and complaint promulgated under sub. (4) by any peace officer in connection with the enforcement of any state traffic laws or any local traffic ordinances in strict conformity with the state traffic laws, shall be deemed adequate process to give the appropriate court jurisdiction over the person upon the filing with such court of the uniform traffic complaint."

The state argues that sec. 345.11(5), Stats., provides a unique exception to the otherwise uniform system of criminal procedure as applied in this state. The uniform citation is used to "enforce the state traffic laws," and its use is mandatory for "moving traffic violations." The state asserts that the defendants were charged with violations of the "traffic laws" of this state. Because they were charged with violating the traffic laws, even though these violations were also crimes, it is asserted that the uniform traffic citation and complaint standing alone would be sufficient to confer jurisdiction over the defendant on the circuit court.

Upon initial examination of the statute, it would appear that the state's argument is a strong one. However, before we will construe a statute in a manner which would create an anomaly in the procedure used to prosecute a particular class of criminal cases, we require a strong showing that this result is what the legislature in fact intended. Even when a statute appears unambiguous on its face, it can be rendered ambiguous by its interaction with and its relation to other statutes. *State v. Kenyon*, 85 Wis.2d 36, 49, 270 N.W.2d 160 (1978).

---

[4] Amended by ch. 34, Laws of 1979 to apply to violations arising under chapter 194, Stats.

Because sec. 345.11, Stats., does not define the precise scope of its application, referring to the violations of traffic laws in general, reference may be made to the history of the statute and other matters beyond the statutory language to determine its purpose and effect.

When sec. 345.11, Stats., was enacted by ch. 292, Laws of 1967, violations of state laws relating to the operation and use of motor vehicles carried penalties consisting of fines or imprisonment. As structured, these violations were therefore crimes. *See e.g.*, secs. 346.22, 346.43, 346.30, 346.49, 346.56, 346.60, 346.65, 346.82, Stats. 1969. These offenses were required to be charged by a document which was legally sufficient to confer personal jurisdiction on the appropriate court. When a complaint charged a criminal offense, it had to state probable cause. *Galloway v. State*, 32 Wis.2d 414, 418, 145 N.W.2d 761 (1966). As originally enacted, subsection five of sec. 345.11, Stats., stated that the uniform traffic citation and complaint was sufficient to confer subject matter jurisdiction on the court. No reference was made to personal jurisdiction, undoubtedly in recognition of the fact that violations of the criminal law were to be prosecuted, and judicial proceedings instituted, in conformity with the statutes governing criminal procedure.

With the enactment of ch. 278, Laws of 1971, violations of "traffic regulations" became noncriminal forfeiture actions. A new uniform procedure was established to handle the vast majority of traffic offenses. The purpose and effect of this new procedure was described in J. Hough, *Wisconsin's Uniform Traffic Court Procedure*, 45 Wis. Bar B, 9, 10 (August 1972):

"Law enforcement officers, prosecutors, the courts and the people are all entitled to be subjected to only one uniform procedure for the trial of traffic cases in Wisconsin. The uniform traffic procedure, to a great ex-

tent, replaces confusion, inequity, and delay with reliance, equal treatment and greater efficiency. The new procedure spells out clearly for the first time all of the steps to be followed in the apprehension and trial of traffic violators. There will no longer be confusion as to which procedure should apply, what rights are available to the offender, etc. Traffic law has developed as a separate and distinct category of cases and are treated as such by the new uniform procedure."

The uniform traffic citation and complaint would have been an appropriate vehicle for conferring personal jurisdiction over the defendant under this newly designed traffic court system. However, sec. 345.11, Stats., had little usefulness because as it existed in 1971, it referred only to subject matter jurisdiction, which was already covered by sec. 345.30, Stats., enacted as part of ch. 278, Laws of 1971. *See, State ex rel. Prentice v. County Court,* 70 Wis.2d at 236–237 (noting this discrepancy). The legislature, recognizing this error, amended sec. 345.11(5), Stats., by ch. 218, §18, Laws of 1973. This amendment dropped the reference to subject matter jurisdiction and substituted the present reference to personal jurisdiction. This change was a small part of a much larger legislative revision that served to change some of the remaining criminal sanctions for violations of state traffic regulations into forfeiture actions.

We conclude that it has never been the intent of the legislature to have the traffic court procedure apply to criminal actions. The procedures in traffic court are essentially civil in nature, with only some of the protections of the criminal law being granted to defendants. As a result, when violations of the provisions within the motor vehicle code are defined by statute as crimes, the traffic court procedure is not used, and was never intended by the legislature to be used.

"Certain offenses under the new [traffic court procedure] act remain as crimes only under the state law, . . . includ[ing] . . . driving after suspension or revocation; . . . . These offenses are to be prosecuted as all other crimes are prosecuted. The new traffic court procedure code does not apply to these offenses." J. Hough, *Wisconsin Uniform Traffic Cases & Procedures,* 45 Wis. B.B. at 15.

From the history of these two statutory enactments, it is clear that when the legislature amended sec. 345.11 (5), Stats., in 1973, it intended to confer personal jurisdiction over the defendant only in cases brought to enforce traffic regulations not involving criminal penalties. The legislature has created a wholly separate system for prosecuting traffic regulation violations, and the procedures of the traffic court, including those to acquire personal jurisdiction over the defendant, are entirely distinct from the procedures applied in criminal cases. The uniform traffic citation and complaint is adequate to confer personal jurisdiction in cases where the object is to collect a forfeiture but it is not adequate, and we conclude that it was not intended to apply when a crime is charged. We therefore construe "traffic laws" in sec. 345.11(5), Stats., to exclude criminal offenses of "traffic regulations" as defined and used in the prosecution of traffic forfeiture actions. Sec. 345.20(1)(a), Stats. 1977.[5] The legislative intent is clear that the criminal procedure code was not to be supplanted by the 1973 amendment to sec. 345.11(5). A serious state constitutional question may arise if we were to construe the statute in the manner the state urges. *See, State ex rel.*

[5] "345.20. **General provisions in traffic forfeiture actions.** (1) DEFINITIONS. In ss. 345.20 to 345.53:

"(a) 'Traffic regulations' means a provision of chs. 341 to 349 for which the penalty for violation is a forfeiture, or an ordinance enacted in accordance with s. 349.06."

*Cullen v. Ceci, supra; Cf. Gerstein v. Pugh,* 420 U.S. 103 (1975) (If seizure of the person is involved, federal constitutional rights may also be implicated).

The conclusion reached today is consistent with subsequent legislative action. When the legislature recently amended sec. 345.11(1), Stats., to have it apply to violations of the Motor Vehicle Transportation Act, Chapter 194 Stats., it also amended the penalty provisions found in that Act as well. Before this amendment conferred personal jurisdiction on the circuit court over the defendant by means of the uniform traffic citation and complaint, violations of the Motor Vehicle Transportation Act carried criminal penalties. When the legislature determined that the uniform citation and complaint would be used, it amended the penalty provisions which had provided for a possible fine and imprisonment, to provide only for a forfeiture. Ch. 34, Laws of 1979. This change is a further recognition that the legislature did not intend sec. 345.11(5) to apply to criminal offenses.

The result we reach also serves to give effect to both statutes without impairing the effectiveness of the other. In addition, this construction of the statutes we adopt today furthers the principle of fair and equal treatment to all criminal defendants whatever the charge levied against them.

We hold that if the uniform traffic citation and complaint is used in criminal cases, it must satisfy the requirements of probable cause.

## 2. IF THE COMPLAINT MUST STATE PROBABLE CAUSE, DO THE UNIFORM TRAFFIC CITATIONS AND COMPLAINTS ISSUED TO THESE DEFENDANTS STATE PROBABLE CAUSE?

■
The next question is whether the complaints challenged in this case met the requirements of probable cause. The criminal complaint must answer the following five questions before it will be deemed to state probable cause: (1) Who is charged?; (2) What is the person charged with?; (3) When and where did the alleged offense take place?; (4) Why is this particular person being charged?; and (5) Who says so? or How reliable is the informant? *State ex rel. Evanow v. Seraphim,* 40 Wis.2d 223, 230, 161 N.W.2d 369 (1968). There is no dispute that the complaints in this case answer satisfactorily the first three questions.[6] The name of each defendant, the section of the statutes allegedly violated, and the time and place that the offense occurred is printed on the complaint.

---

[6] The form of the uniform citation is found in Wis. Adm. Code MVD 21. For convenience, the complaint filed against one of the defendants is reprinted below which complies with the form found in the Motor Vehicle Code.

305549

**WISCONSIN UNIFORM TRAFFIC CITATION AND COMPLAINT**

Deposit $_____ Permitted 5-5-78

STATE OF WISCONSIN ___Monroe___ County _____ COURT ___County___ of ___WISCONSIN___

The undersigned, an officer for and in behalf of the STATE of WISCONSIN, states on oath (upon information and belief) that said

defendant did, on 5-4 19 78 at 8:45 ☑AM ☐PM violate Ord. No. _____ Stat. No. _____ Adopting 343.44(1) TO WIT:

**STATE of WISCONSIN vs.**

Name-First: MARTIN  Middle Initial: A.  Last: FALCON

| M | Act. | Legal | Over | Describe violation |
|---|------|-------|------|--------------------|
| P | | | | Operating |
| H | | | | |

Address (Residence): #3 BLACK RIVER FALLS, WI

Post Office: BLACK RIVER FALLS  State: WI  Zip: _____  Operating on public under Revocation

Birthdate: 4-25-54  Drivers License: _____  State: WIS

Veh.-Plate: 054L98 79  Exp. Sign: WIS  Make: 75 BROOK  Type: CYCLE  On Hwy/Street: BADGER AVE & _____

Tk ller-Plate: _____  Exp. State: _____  Make: _____  Type: _____  At: FOOT BRIDGE AVE & _____

County: MONROE  City/Village/Town: LITTLE FALLS

**YOU ARE HEREBY NOTIFIED TO APPEAR IN THE ABOVE NAMED COURT**

ON ___June 5___ 19 78 AT 9:30 ☑AM ☐PM

Located at: _____

Operating as: ☐ Operator ☐ Chauf. ☐ School ☐ Bus Op.

Officer's Signature: TPR S.G. LINDEMANN  Badge No. 759

☐ Chem Test ☐ Radar Other _____ S.B.

Driver Description: Sex M Race _____ Eyes _____ Hair _____ Wt. _____ Ht. _____

☐ ACCIDENT ☐ Fatal ☐ PI ☐ PD ☐ HIGHWAY ☐ Div ☐ N-Div Lanes _____

Sworn to before me. Date: _____  Title: _____

MVD-4016-76 (1)  Wisconsin Uniform Citation and Complaint s. 345.11 Statutes

In *State ex rel. Warrender v. Kenosha County Ct.*, 67 Wis.2d 333, 231 N.W.2d (1975), a uniform traffic citation and complaint was issued to the defendant for operating a vehicle with an expired registration. The defendant objected to the complaint arguing that it did not state probable cause. In cases involving non-moving violations, the reliability of the informant is unquestioned because, as the court found, "[t]here is no doubt that . . . an officer obtains the information for a traffic citation through personal observation." Therefore, the court held in that case that the question of "Who says so?" is adequately answered by the uniform traffic citation and complaint.

In a similar manner, the court in *Warrender* found that for a nonmoving violation the requirement that the complaint states why a particular individual is being charged was also satisfied by the uniform traffic citation and complaint. The defendant is charged because the police officer observed an expired registration.

The state argues that the same kinds of inferences may be drawn from the offenses charged in the present cases as were drawn in *Warrender*. As for the reliability of the informant, the state asserts that because a police officer signs the complaint, it must have been issued on reliable information. In addition, it is argued that driving after revocation is easily observed, especially in less populated counties, because police officers are "presumed" to be more familiar with the status of licensed drivers. The state reasons that the same is true of the driving while intoxicated charge. The police officer will observe the violation personally. Using this analysis, the state finds a ready answer to the inquiry "Why is this person being charged?" The individual is charged according to this reasoning, because he was observed committing the offense.

The analysis used in *Warrender* does not extend to the crimes charged in this case. *Warrender* involved a non-

moving violation of a noncriminal statute. The inferences the state wishes to draw do not automatically flow from the offenses charged. Police officers cannot be presumed to know which individuals are operating vehicles with valid or revoked operators' licenses. Neither does the charge of driving while intoxicated always stem from a police officer's personal observation. The complaints in this case do not adequately set forth why the defendants were charged or the reliability of the information contained in the complaint. The court of appeals was correct when it stated that based on these complaints ". . . there are simply no facts upon which this court, or any court, could determine why the defendants are being charged or who says so. The complaints do show the names of the statutes under which the defendants are charged. This may answer the question 'what,' but it goes no further."

No probable cause being shown on the face of the complaints, the circuit court lacked jurisdiction over the defendants and the court of appeals was correct in vacating the judgments of conviction.

*By the Court.*—The decision of the court of appeals is affirmed.