STATE of Wisconsin, Plaintiff-Respondent,

v.

Lois A. TOWNSEND, Defendant-Co-Appellant-Petitioner,

Kenneth F. LUEDTKE, Defendant-Co-Appellant.

Supreme Court

*No. 80–2176–CR. Argued April 1, 1982.—Decided April 27, 1982.*

(Also reported in 318 N.W.2d 361.)

For the defendant-petitioner there was a brief (in court of appeals) and oral argument by *John D. Murray* of Milwaukee.

For the plaintiff-respondent the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the brief (in court of appeals) was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J.    The only issue before the court is the sufficiency of the complaint charging delivery of controlled substances by the defendant Lois A. Townsend, a dental assistant.  The trial court found the complaint sufficient, and the court of appeals affirmed.  We affirm the decision of the court of appeals.

On several occasions between August 22, 1979, and December 11, 1979, undercover officers for the state of Wisconsin visited the Juneau Dental Group offices as part of a continuing investigation.  Dr. Kenneth F. Luedtke was a dentist with the group, and Lois A. Townsend was a dental assistant employed there.

Posing as the sister and brother-in-law of one of Townsend's friends who was in prison, the officers obtained prescriptions for various drugs to be smuggled into the prison for the friend.  On one occasion delivery of the drug itself was made by Townsend to one of the investigating officers.

As a result of the investigation, a criminal complaint was filed on December 31, 1979, charging both Luedtke and Townsend with fifteen counts of delivery of various controlled substances, as parties to a crime, in violation of secs. 161.41(1)(a), 161.41(1)(b), and 939.05, Stats. Luedtke was also charged with two counts of delivery, contrary to secs. 161.41(1)(a) and 161.41(1)(b) ; and Townsend was charged with one count of delivery, contrary to sec. 450.07(12)(b).

The defendants moved to dismiss, challenging the sufficiency of the complaint.  The motion stated that secs. 161.32(2)(a), 161.41(2r)(a), and 161.41(3), Stats., provide exemptions to the prohibited acts contained in secs.

161.41(1)(a) and (b). These exemptions are generally concerned with the *possession* of controlled drugs pursuant to a valid prescription written by a practitioner while acting in the course of his professional practice. The defendants argued that the state had failed to negate those exemptions in the complaint, because the allegations were insufficient to show that Luedtke was aware that he was acting outside the scope of his professional practice in writing the prescriptions.

After accepting briefs on the issue, the trial court denied the motion. Subsequent to their arraignment, the defendants again raised the issue, and the court again denied it.

After a jury trial, both defendants were found guilty as charged and both appealed. Luedtke raised two issues on appeal. The first was entrapment, and the second that the trial court had abused its discretion by failing to sever the trials of the two defendants. Townsend again raised the issue of the sufficiency of the complaint. The court of appeals held against the defendants on all the issues and affirmed the convictions.

Townsend has petitioned this court for review of the court of appeals' decision in respect to the sufficiency of the complaint.

For a criminal complaint to be sufficient to meet probable cause requirements, it must answer the following questions: Who and what is charged? When and where did the alleged offense or offenses take place? Why is this particular person being charged? Who says so or, in other words, how reliable is the complainant or informant? *State v. White*, 97 Wis. 2d 193, 203, 295 N.W.2d 346 (1980); *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d 223, 230, 161 N.W.2d 369 (1968).

In this case Townsend asserts that the complaint was insufficient to answer the question, "Why is this particu-

lar person being charged," because the complaint failed to negate the statutory exemptions which were set forth in the trial court motion to dismiss.

Sections 161.41(2r)(a) and 161.41(3), Stats., are separate crimes for possession; and although they contemplate exonerating circumstances stated within them, those sections are irrelevant here. Townsend was not charged with illegal possession. She was charged with delivery. We note that she raised no arguments concerning those sections to the court of appeals, nor has she raised those sections here.

She did, however, argue to the court of appeals that the exemption in sec. 161.32(2)(a), Stats., was applicable. That section states:

"(2) The following persons need not be registered under federal law to lawfully possess controlled substances in this state:

"(a) An agent or employe of any registered manufacturer, distributor or dispenser of any controlled substance if he is acting in the usual course of his business or employment."

Townsend argued to the court of appeals that the issue of whether or not the complainant (the undercover officer who purchased the drugs and the prescriptions) was a patient was an objective issue, and she argued that there were insufficient facts stated on the face of the complaint to find in an objective fashion that the complainant was not a patient, thus making the prescriptions written outside of the "course of professional practice." She contended that an expert opinion was required to determine this and, hence, the exemption was not negated because no expert opinion was contained in the complaint or appended as an affidavit thereto.

Although the court of appeals recognized that the statute Townsend relied upon to make this argument concerned possession, as did the other sections cited in

the trial court motion, and she was charged with delivery, that court liberally construed the statute and addressed the question whether the facts stated in the complaint were sufficient to establish that the defendant probably acted outside the scope of her employment.

We expressly approve the court of appeals' liberal application of the statute to the crime of delivery. That court correctly stated that "a doctor or dentist who dispenses drugs to a patient within the course of his professional practice is not subject to criminal liability" (slip op p 8), though the particular statute setting forth this exemption was not called to its attention. The appropriate section is sec. 161.32(1), Stats. It states:

"161.32 **Possession authorization.** (1) Persons registered under federal law to manufacture, distribute, dispense or conduct research with controlled substances may possess, manufacture, distribute, dispense or conduct research with those substances in this state to the extent authorized by their federal registration and in conformity with the other provisions of this chapter."

If the doctor or dentist dispensing, *i.e.*, prescribing (see sec. 161.01(7), Stats.) the controlled substances is acting within the authorization conferred upon him by his federal registration, then his agent or employee who acts for him is also covered by this exemption.

The court of appeals implicitly recognized that both Luedtke and Townsend would be included in such an exemption, but that court had no trouble concluding that the complaint was sufficient. The court of appeals reasoned:

" 'A criminal complaint is sufficient if it states sufficient facts which when taken together with reasonable inferences therefrom constitute probable cause.' The first paragraph of the lengthy complaint provides:

" 'Complainant further states that she is not and never has been a patient of Dr. Kenneth F. Luedtke, Lois

Townsend, or any member of the Juneau Dental Group; that she has never received any dental examination or treatment or medical examination or treatment from either defendant or any member of the Juneau Dental Group; that neither Dr. Luedtke nor Lois Townsend, nor any other member of the Juneau Dental Group has ever examined her teeth, conducted any physical examination, or discussed any physical or dental problems with her; that she has never provided any medical or dental records, nor has she ever complained of any medical or dental problems to Dr. Luedtke, Lois Townsend, or any member of the Juneau Dental Group; . . . .'

"It is reasonable to infer from this portion of the complaint alone that the complainant was not a patient of Luedtke or Townsend; that both Luedtke and Townsend knew that the complainant was not a patient; and, that both acted outside the course of professional practice. The complaint adequately answers the 'why is this particular person being charged' requirement. While there may be instances where the complaint, to be sufficient, must disclose the complainant's qualifications as an expert in the matters alleged in the complaint, such disclosure is not required where the facts alleged are within the knowledge and experience of the average person of normal intelligence. Any average person is capable of determining whether he or she has been examined, treated or is, in fact, a patient of a dentist or hygienist. No expert opinion is necessary. We hold that the complaint states sufficient facts to establish that the defendants probably acted outside the scope of their professional practice. [Footnotes omitted]" Slip op pp 8–10.

We find this reasoning sound and adopt it as our own.

Although not at issue in this case, during oral argument the state directed our attention to secs. 161.56(1) and (2), Stats., which state:

"**161.56 Burden of proof; liabilities.** (1) It is not necessary for the state to negate any exemption or exception in this chapter in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under this chapter. The burden of

proof of any exemption or exception is upon the person claiming it.

"(2) In the absence of proof that a person is the duly authorized holder of an appropriate federal registration or order form, he is presumed not to be the holder of the registration or form. The burden of proof is upon him to rebut the presumption."

The implication of the state's reference to these sections is the state feels that its complaint need not have been so explicit and detailed.

We decline in this case to ratify the implication of the state's argument. Because the complaint is, as the court of appeals concluded, complete and negates any relevant exceptions, we do not confront the problem of whether a complaint, relying upon the statute, which it did not, is nevertheless sufficient. The issue is not before us. Neither of the parties has been afforded, nor in the posture of this case needs be afforded, opportunity to brief or argue the possible evidentiary or constitutional problems that arguably could arise.

We do, however, applaud the prosecutor's diligence in setting forth with particularity all of the facts, including facts which negated the exemption for delivery of a prescription drug. This is good pleading and expedites the rapid disposition of determinations of probable cause at proceedings prior to trial. Whatever may be the legal or constitutional effect of full reliance upon sec. 161.-56(1) and (2), Stats., in drafting a complaint, here that statute was not relied upon, and the complaint, as drafted, was drafted in a manner that tended to facilitate the expeditious and just disposition of a criminal case.

*By the Court.*—Decision affirmed.

CECI, J., took no part.