STATE of Wisconsin, Plaintiff-Appellant,

v.

Thomas FOLK, Defendant-Respondent.†

Court of Appeals

*No. 82–2437–CR. Argued November 9, 1983.—
Decided December 16, 1983.*
(Also reported in 342 N.W.2d 761.)

† Petition to review denied.

For the plaintiff-appellant there were briefs by *John A. Neupert* and *Neupert & Wakeman, S.C.* of Lake Mills, and oral argument by *John A. Neupert.*

For the defendant-respondent there was a brief by *Richard D. Martin,* assistant state public defender, and oral argument by *Richard D. Martin,* assistant state public defender.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

DYKMAN, J. This is an appeal from an order dismissing a criminal complaint. We hold (1) the uniform traffic citation and complaint authorized by sec. 345.11, Stats., is not a "complaint" within the meaning of sec. 968.02(3), Stats.,[1] and (2) defendant's conviction of

[1] Section 968.02, Stats., provides in part:

(3) If a district attorney refuses or is unavailable to issue a complaint, a circuit judge may permit the filing of a complaint, if the judge finds there is probable cause to believe that the person to be charged has committed an offense after conducting a hearing. If the district attorney has refused to issue a complaint, he or she shall be informed of the hearing and may attend. The hearing shall be ex parte without the right of cross-examination.

an ordinance violation does not bar a criminal complaint. We reverse the order and remand for further proceedings.

On January 18, 1981, defendant's pickup truck collided head-on with a snowmobile. The snowmobile driver, Gregg Zastoupil, was killed. Defendant's blood alcohol level was .127 percent by weight. Zastoupil's blood alcohol level was .140 percent by weight. Defendant was charged with first-offense OMVWI under the county ordinance which adopted sec. 346.63(1), Stats. The district attorney investigated whether defendant should be charged with sec. 940.09, Stats. (1979–80), homicide by intoxicated use of a motor vehicle, but decided against it.[2] Defendant pleaded no contest to the OMVWI charge and a forfeiture was assessed against him.

Zastoupil's father moved for a hearing under sec. 968.02(3), Stats., to determine whether there was probable cause to believe defendant violated sec. 940.09, Stats. (1979–80). After a hearing, the trial court determined that probable cause existed and ordered that a complaint be issued charging defendant with violating sec. 940.09.[3] The court appointed a special prosecutor who filed a complaint against defendant. Defendant moved to dismiss the complaint. A second judge held that the OMVWI citation was a "complaint" under sec. 968.-

---

[2] Section 940.09, Stats. (1979–80), provided:

Whoever by the negligent operation or handling of a vehicle, firearm or airgun and while under the influence of an intoxicant causes the death of another is guilty of a Class D felony. No person may be convicted under this section except upon proof of causal negligence in addition to such operation or handling while under the influence of an intoxicant.

[3] Because the parties have not briefed the issue, we do not decide whether the trial judge who ordered the complaint be filed erred by treating the proceeding as analogous to a prelminary hearing instead of exercising discretion as to whether a complaint should issue.

02(3), that the district attorney had not refused to issue a complaint, and that the conditions necessary for an order under sec. 968.02(3) thus had not been met. The special prosecutor appeals from the order dismissing the complaint.[4]

## UNIFORM TRAFFIC CITATION NOT "COMPLAINT"

Defendant contends that because the district attorney exercised discretion in choosing to charge him with OMVWI, the uniform traffic citation issued against him is a "complaint" under sec. 968.02(3), Stats.

Statutory construction is a question of law, which we determine independently. *State v. Britzke,* 108 Wis. 2d 675, 680, 324 N.W.2d 289, 291 (Ct. App. 1982), *aff'd per curiam,* 110 Wis. 2d 728, 329 N.W.2d 207 (1983). A statute is ambiguous if well-informed individuals could understand it in two or more different senses. *Id.* A statute may also be rendered ambiguous by its relation to other statutes. *Id.* If a statute is ambiguous, we look to its legislative history for guidance in interpreting it. *Id.* at 681, 324 N.W.2d at 291.

It is unclear whether the "complaint" in sec. 968.02 (3), Stats., was intended to include the uniform traffic citation and complaint of sec. 345.11, Stats., or whether it refers only to criminal complaints. Section 968.02(3) therefore is ambiguous, and we look to legislative history to aid our construction.

Section 968.02(3), Stats., was enacted by sec. 63, ch. 255, Laws of 1969, as part of the new criminal procedure code. The Judicial Council Committee's Note to sec. 968.02 states that the section is designed to give the district attorney a greater voice in the initiation of criminal proceedings. It does not mention initiation of civil

---

[4] Defendant moved to correct the record to add five items. Defendant's motion is granted.

traffic forfeiture proceedings. A traffic forfeiture action is not a criminal proceeding. *State v. White,* 97 Wis. 2d 193, 201, 295 N.W.2d 346, 350 (1980).

The committee note states (incorrectly) that the statute is based on sec. 601 of the American Law Institute Model Code of Pre-Arraignment Procedure.[5] The note to sec. 6.02 states that the "principal thrust of this section is to vest control over the issuance of complaints charging persons with crime in the prosecuting attorney." The Reporters' Introductory Memorandum to the Tentative Draft states that "the initiation of the criminal charge is a most significant step. . . ." *Id.* at xxv. Thus, the background of sec. 968.02, Stats., suggests that the legislature had only criminal complaints in mind, and not traffic citations, when it created sec. 968.02(3).

This suggestion is supported by the statutory context of sec. 968.02(3), Stats. Chapter 968, containing sec. 968.02, is entitled "Commencement of Criminal Proceedings." Section 968.02(1) provides that the complaint is to be filed by the district attorney of the county where the crime allegedly was committed.

In addition, sec. 345.11, Stats., existed when ch. 968, Stats., was enacted, but ch. 968 does not refer to it. Section 345.11 prescribes a method for commencing proceedings in civil traffic violation cases which is "entirely distinct" from that prescribed by ch. 968. *White,* 97 Wis. 2d at 201, 295 N.W.2d at 350. The legislature thus created two different methods for dealing with different types of offenses. This is another indication that the legislature did not intend that a traffic citation be a complaint under sec. 968.02(3).

---

[5] The section is actually based on sec. 6.02 of the American Law Institute *Model Code for Pre-Arraignment Procedure: Tentative Draft No. 1* (1966).

■

We hold that the uniform traffic citation of sec. 345.11, Stats., is not a "complaint" within the meaning of sec. 968.02(3), Stats. The second trial court erred by holding that the district attorney had not refused to issue a complaint.

## DOUBLE JEOPARDY

■

Defendant argues that because he was convicted of a county ordinance violation, OMVWI, the double jeopardy clauses of the United States and Wisconsin Constitutions[6] protect him from a charge of homicide by intoxicated user arising from the same incident. In *State v. Schulz*, 100 Wis. 2d 329, 302 N.W.2d 59 (Ct. App 1981), we held that because first-offense OMVWI was a civil offense and the penalty was remedial, the defendant's OMVWI conviction did not bar a subsequent prosecution for homicide by intoxicated user. Our holding in *Schulz* controls this case. Defendant's civil OMVWI conviction does not bar criminal charges arising from the accident which occurred January 18, 1981.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.

---

[6] The fifth amendment to the United States Constitution provides in part:

[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb; . . . .

Article I, sec. 8 of the Wisconsin Constitution provides in part:

(1) . . . [N]o person for the same offense may be put twice in jeopardy of punishment. . . .