CHILEDA INSTITUTE, INC., Plaintiff-Appellant,

v.

CITY OF LA CROSSE, Defendant-Respondent.†

Court of Appeals

*No. 83–2349. Submitted on briefs July 8, 1985.—
Decided July 26, 1985.*
(Also reported in 373 N.W.2d 43.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *Gerard O'Flaherty* and *Ellen M. Frantz* and *Johns, O'Flaherty & Gillette, S.C.* of La Crosse.

For the defendant-respondent the cause was submitted on the brief of *Patrick J. Houlihan,* city attorney, and *David L. Lange,* deputy city attorney.

Before Gartzke, P.J., Dykman, J., and Eich, J.

DYKMAN, J.   Chileda Institute, Inc., appeals from a summary judgment dismissing its action against the City of La Crosse.   Chileda sought the refund of property taxes paid under protest and a declaration that certain real property is exempt from property taxes. The issues on appeal are whether Chileda's status as an institution for the care of dependent children confers exemption under sec. 70.11(19), Stats. on property it leases for such purposes;[1] and whether Chileda, as a lessee, has standing under sec. 74.73, Stats., to recover

[1] All statutory references are to 1981–82 Stats., unless otherwise indicated. Section 70.11(19), Stats., provides:

All the real and personal property of any children's institution licensed for the care of dependent, neglected or delinquent children under s. 48.60 while the same is actually used for such purpose and all real and personal property of any institution for mentally deficient children described in s. 48.60(2)(f) while the same is actually used, not for profit, for the care of mentally deficient children.

taxes assessed and levied against property it leases.[2]
We conclude that the leased property does not qualify
for tax exemption. We therefore do not determine wheth-
er Chileda has standing to claim a refund of taxes paid.

## FACTS

The facts are undisputed. Chileda is licensed under
sec. 48.60, Stats., to operate a residential treatment fa-
cility for multi-handicapped children. It leases real prop-
erty in the city for that purpose from St. Francis Medi-
cal Center. The lease obligates Chileda to pay all taxes
assessed against the property.

In 1980 and 1981, the city levied real estate taxes on
the property. St. Francis paid the 1980 taxes under
protest. Chileda reimbursed St. Francis and filed a claim
against the city for a refund pursuant to sec. 74.73(1),
Stats. The claim was denied and Chileda brought an
action in circuit court, arguing that the property was
exempt under sec. 70.11(19), Stats. Chileda paid the
1981 taxes under protest and filed another claim against

---

[2] Section 74.73(1), Stats., provides:

Any person aggrieved by the levy and collection of any un-
lawful tax assessed against him may file a claim therefor against
the town, city or village which collected such tax in the manner
prescribed by law for filing claims in other cases. If it appears
that the tax for which such claim was filed or any part thereof
is unlawful and that all conditions prescribed by law for the
recovery of illegal taxes have been complied with, the town
board, village board or common council may allow and the town,
city or village treasurer shall pay such person the amount of
the claim found to be illegal and excessive. If any town, city
or village fails or refuses to allow the claim, the claimant may
have and maintain an action against the same for the recovery
of all money so unlawfully levied and collected, together with
interest at the legal rate computed from the date of filing the
claim. Every such claim shall be filed, and every action to re-
cover any money so paid shall be brought, within one year after
such payment.

the city. When this claim was also denied, Chileda filed a second suit.

The cases were consolidated. The parties stipulated to the material facts and each moved for summary judgment. The trial court granted the city's motion and Chileda appeals.

## SUMMARY JUDGMENT

In reviewing a summary judgment, we employ the same analysis as the trial court. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983). We first examine the pleadings to determine whether they state a claim and present a material issue of fact. If they do, we then look to the moving party's affidavits for a defense which would defeat the plaintiff's claim. If found, this *prima facie* case for summary judgment requires us to look to the opposing party's affidavits for material facts in dispute which would entitle that party to a trial. *Id.* at 116, 334 N.W.2d at 582-83. If there is no genuine issue of fact, we decide whether the moving party is entitled to summary judgment as a matter of law. Sec. 802.08(2), Stats.

Chileda alleges that the city improperly levied a total of $29,348.13 in property taxes against its leased properties in violation of sec. 70.11(19), Stats., that Chileda is a licensed child welfare agency and that the leased property is used solely for the residential care of handicapped children. The city admits the taxes in question were assessed, levied, and paid, but alleges that because Chileda is not the owner of the taxed property, it fails to state a claim under sec. 70.11(19), Stats., and lacks standing to sue under sec. 74.73, Stats. Chileda's complaint, read liberally, states a claim, and the answer joins issue.

Neither party submitted affidavits. All facts were stipulated. These facts show that Chileda was at all

material times the lessee and not the owner of the taxed property. Therefore, for summary judgment purposes, a *prima facie* defense is stated. Because the facts are stipulated, and thus undisputed, we consider the legal issues.

## EXEMPTION

Chileda has standing to seek a declaratory judgment determining the leased property to be tax exempt under sec. 70.11(19), Stats. *Madison Gen. Hospital Asso. v. City of Madison,* 71 Wis. 2d 259, 263–65, 237 N.W.2d 750, 752–53 (1976).[3] We therefore address the exemption issue first.

Section 70.11(19), Stats., exempts real and personal property "of any children's institution licensed for the care of dependent, neglected or delinquent children . . ." which is actually used for those purposes.[4] Chileda is a qualified institution for the care of dependent children under the terms of the statute.[5] The issue is whether property it leases is "property of" Chileda within the meaning of sec. 70.11(19).

Chileda contends that "property of" can be reasonably construed to mean that possession and use—not ownership—is all that is necessary to qualify for exemption. The city argues that the words imply ownership. Because the words "property of" can be reasonably understood in more than one way, we conclude that sec. 70.11(19), Stats., is ambiguous and statutory construction is appropriate. *Milwaukee Co. v. Labor & Ind. Rev.*

[3] The legislature has required the declaratory judgments act to be liberally construed and administered. Sec. 806.04(12), Stats. The finding of standing in *Madison General Hospital Asso.* and here is required by the expansiveness of this statutory remedy.

[4] *See* footnote 1.

[5] There is no contention that lessor-owner St. Francis would qualify for exemption under sec. 70.11(19), Stats.

*Comm.*, 113 Wis. 2d 199, 203, 335 N.W.2d 412, 415 (Ct. App. 1983). We may undertake statutory construction without deference to the trial court's decision. *State v. Folk,* 117 Wis. 2d 42, 45, 342 N.W.2d 761, 763 (Ct. App. 1983).

Construction of tax exemption statutes should be "strict but reasonable." *Ladish Malting Co. v. Dept. of Revenue,* 98 Wis. 2d 496, 502, 297 N.W.2d 56, 58 (Ct. App. 1980). However, because a tax exemption is a matter of legislative grace rather than of right, we are required to resolve ambiguities and doubts against Chileda. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51 (1981).

No Wisconsin case defines "property of" in the context before us.[6] Resolving the ambiguity against tax exemption, we conclude that the words "property of" in sec. 70.11(19), Stats., refer to the property interest

---

[6] The court held "property of" within sec. 70.112(4), Stats., to encompass leasehold interests of the party seeking exemption in *Wisconsin Tel. Co. v. Milwaukee,* 85 Wis. 2d 447, 271 N.W.2d 362 (1978). That case is inapplicable to these facts. Section 70.112(4) accords a general property tax exemption to property already taxed via special property taxes, gross receipts taxes or license fees. Because that exemption is in lieu of another form of taxation, the court concluded that the statute was subject to liberal construction in favor of the taxpayer. Because sec. 70.11, Stats., grants an absolute, rather than an "in lieu of" exemption, we cannot apply this reasoning here.

In *Servomation Corp. v. Department of Revenue,* 106 Wis. 2d 616, 317 N.W.2d 464 (1982), the court examined the rule that equipment owned by private parties and leased to hospitals for the hospitals' exclusive use is exempt from property taxes. This rule, however, was established by *First Nat. Leasing Corp. v. Madison,* 81 Wis. 2d 205, 260 N.W.2d 251 (1977), and *Madison General Hospital Asso. v. Madison,* 92 Wis. 2d 125, 284 N.W.2d 603 (1979), both of which interpreted what is now sec. 70.11 (4m)(a), Stats. That section exempts leased personal property used by nonprofit hospitals. Use, not ownership, is the determinative factor. Section 70.11(19), Stats., does not contain language comparable to that necessary to the court's conclusions in *First National Leasing* and *Madison General Hospital Asso.*

against which the tax would be assessed but for the exemption.

This construction is both strict and reasonable. In order to achieve desirable property uses through tax exemptions, a tax benefit conferred upon a lessor must flow through to the lessee whose activities make the property eligible. There are, however, no guarantees this would happen, and the legislature could have structured the exemption to prevent its abuse. We cannot infer favored treatment for qualifying uses of leased property in the absence of an express legislative mandate. "An exemption from taxation must be clear and express. All presumptions are against it, and it should not be extended by implication." *Soo Line R. Co. v. Department of Revenue,* 89 Wis. 2d 331, 359, 278 N.W.2d 487, 500, (Ct. App. 1979) (citation omitted), *aff'd,* 97 Wis. 2d 56, 292 N.W.2d 869 (1980). Because property taxes are not assessed against a leasehold, we conclude that the property leased from St. Francis is not "property of" Chileda within the meaning of sec. 70.11(19) and is not exempt.

## STANDING TO RECOVER TAX

Section 74.73(1), Stats., provides a means by which a taxpayer may contest and recover an unlawful tax. Because we have determined that the property in question is not tax exempt, the taxes levied against it were not unlawful. Therefore we need not address whether Chileda had standing to bring an action to recover the taxes it paid.

## MOTION TO STRIKE

Because we do not consider the issues raised in pages 6 through 12 of appellant's reply brief, respondent's motion to strike those pages is denied.

*By the Court.*—Judgment affirmed.

EICH, J. (*dissenting*). I agree with the majority that tax exemption statutes are to be construed strictly against the exemption; but our construction must also be reasonable. "[A] strict construction is nonetheless a construction, and an exemption statute need not be given an unreasonable construction or the narrowest possible construction." *Columbia Hospital Asso. v. Milwaukee*, 35 Wis. 2d 660, 668, 151 N.W.2d 750, 754 (1967).

Tax exemptions are grounded in public policy; they are granted by the legislature on the theory that, by encouraging good works, they will benefit the public generally. *United States v. Department of Revenue of State of Ill.*, 202 F. Supp. 757, 759 (N.D. Ill. 1962), *aff'd*, 371 U.S. 21 (1962). So viewed, exemption statutes, while construed strictly, should also be given a reasonable, natural and practical construction to effectuate the purposes for which they were created. *National College of Business v. Pennington County*, 146 N.W.2d 731, 734 (S.D. 1966).

The exemption at issue is found in sec. 70.11(19), Stats. It covers: "All the real and personal property of any children's institution licensed for the care of dependent, neglected . . . delinquent (or) mentally deficient children . . . while the same is actually used (for such purpose) . . . ." By enacting this section, the legislature expressed its intention to foster and encourage the care and treatment of needy children by exempting all property used for such purposes from taxation. There is no question that the property here is being devoted exclusively to the uses specified in the statute. The case turns on whether the property, which is leased, rather than owned by Chileda, may be considered "property of" Chileda within the meaning of sec. 70.11(19), Stats.

Chileda argues that the words "property of" do not require outright ownership, and that the exemption ap-

plies to leased property which is devoted to the eleemosynary purposes of the statute. The city argues that the statutory language requires absolute ownership. By holding that leased property cannot be "property of" Chileda within the meaning of the statute, the majority has adopted the City's construction in substance, if not in form; and I consider the construction unreasonable in light of the statute's manifest purpose.

I note, too, that where the legislature has intended to restrict exemptions to "owned" property, it has so stated —even in the statute under consideration here—by specifically confining the exemption to property "owned," or "owned and used (or 'operated' or 'occupied') by" the particular institution or entity. *See, e.g.,* secs. 70.11 (4), (4m), (5), (7), (9), (10), (10m), (12), (13), (16), (17), (20), (22), (25) and (28), Stats.

Finally, I do not believe that construing the statute to allow an otherwise eligible lessee to benefit from the exemption poses a danger that, in this or other cases, lease interests could be manipulated so as to permit the non-exempt lessor to retain the tax benefit, thus thwarting the legislative purpose to have the benefit inure to the institution or entity performing the public service. How directly a "favored" taxpayer is to be benefited is a matter of legislative policy, and "[a]ll that a court need determine is that the legislature could have reasonably determined that the tax exemption would inure directly or indirectly to the benefit of a taxpayer who could legitimately be favored as a matter of public policy." *Madison General Hospital Asso. v. Madison,* 92 Wis. 2d 125, 131, 284 N.W.2d 603, 606 (1979). I believe such is the case here.

Under the facts of this case, I would, like the majority, hold that Chileda has standing to seek the declaratory judgment, and that the statutory language is ambiguous. Unlike the majority, however, I would hold

that the only strict *and* reasonable construction of that language is that it does not condition the availability of the exemption on the taxpayer's title to the property.

The question then becomes whether Chileda has standing to seek recovery of the illegally-collected taxes under the claims procedure established by sec. 74.73(1), Stats. The majority does not reach this issue.

The statutory procedure is available to "any person aggrieved by the levy and collection of any unlawful tax *assessed against him . . .*" (emphasis supplied). Chileda argues that it has a "legally protectible interest" in the property, and that this is sufficient to allow it to pursue the statutory remedy, citing *Madison General Hospital Asso. v. Madison, supra. Madison General,* however, dealt with the declaratory judgments act, sec. 806.04, Stats., which, because of its expansive language and the legislative mandate that its terms are to be liberally construed, clearly confers standing on Chileda to seek declaratory relief.

The primary source for construction of sec. 74.73(1), Stats., is the language of the statute itself. *Northwest General Hospital v. Yee,* 115 Wis. 2d 59, 63, 339 N.W. 2d 583, 585 (1983). That language admits of only one construction: one must be the person (or entity) against whom the tax is assessed in order to invoke the statutory remedy. While Chileda, as lessee of the property, pays the taxes, there is nothing in the record to indicate that they were assessed against anyone other than the owner, St. Francis Medical Center. Chileda lacks standing to pursue a claim under sec. 74.73(1), and must look elsewhere for redress.

For the reasons stated, I would reverse and grant the declaratory judgment prayed for.