STATE of Wisconsin, Plaintiff-Respondent,

v.

David Lee NICHOLSON, Defendant-Appellant.†

Court of Appeals

*No. 90–1698–CR. Submitted on briefs December 4, 1990.—Decided February 5, 1991.*

(Also reported in 467 N.W.2d 139.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender, by *William J. Tyroler,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, by *Jerome S. Schmidt,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. David Lee Nicholson (Nicholson) appeals from a judgment convicting him of armed robbery, in violation of sec. 943.32(1)(b), Stats., and felon in possession of a firearm, in violation of sec. 941.29(2), Stats. Both convictions were enhanced under the habitual criminality provision set forth in sec. 939.62, Stats. We affirm.

The information charged that on December 6, 1988, Nicholson robbed the Stadium Sports Stuff store located

in the city of Milwaukee, at gunpoint. Nicholson admitted being in the store that day, but denied having a gun or robbing it. Instead, he says he was there to sell counterfeit illicit drugs. Michael Pavolich, the victim of the robbery, said that Nicholson pointed a "small snub-nosed gun" at him, and said "[g]ive me the money." The information also alleged that on December 6, 1988, Nicholson was a felon with a weapon.

The day following the robbery, December 7, 1988, Nicholson was arrested at the Esquire Motel. Several items, including a handgun, were found inside a heating vent in his motel room. On cross-examination at his trial, Nicholson admitted to possessing the gun on December 7, 1988, but not on December 6, 1988.

Following this admission by Nicholson, the prosecution moved the trial court to amend the information on the felon in possession of a firearm charge to extend to the date of December 7, 1988, and the location to the Esquire Motel. The defense objected claiming lack of notice and due process violations. The trial court overruled the objection and amended the information pursuant to sec. 971.29(2), Stats., which reads as follows:

> At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant. After verdict the pleading shall be deemed amended to conform to the proof if no objection to the relevance of the evidence was timely raised upon the trial.

Nicholson was convicted of both the armed robbery charge and the felon in possession of a firearm charge, but his appeal concerns only the amended charge of felon in possession of a firearm. His first argument is that he was denied his rights to notice and due process when the trial court permitted the information to be amended.

805

Nicholson's second contention is that the revelation to the jury of his status as a felon was reversible error because he was willing to stipulate to that fact.

The trial court's decision to amend the information to conform with the proof will be upheld on appeal if it was not an abuse of discretion. *See State v. Flakes,* 140 Wis. 2d 411, 416, 410 N.W.2d 614, 616 (Ct. App. 1987). The trial court would have abused its discretion if, in amending the information, it had prejudiced Nicholson. *See id.* However, we conclude that Nicholson was not prejudiced. The effect of the amendment was to add an additional day and location to the felon in possession of a firearm charge. The trial court did not add an additional charge against Nicholson, it simply revised the information to conform with the proof that came out during the trial which is its prerogative. *See La Fond v. State,* 37 Wis. 2d 137, 143, 154 N.W.2d 304, 307 (1967).

Nicholson argues that his rights of notice and due process were violated because of the amendment which was made during the jury instruction conference at the end of the trial. In one sense, given the late date, Nicholson is technically correct. However, this technical error is harmless beyond a reasonable doubt because Nicholson would have been convicted, under the same charge, for the December 6, 1988, date even without the amendment because the jury convicted him of the armed robbery on that date. *See State v. Dyess,* 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231–32 (1985). Given this fact, Nicholson was not prejudiced by the trial court amending the information.

Nicholson's second argument is that the revelation to the jury of his felon status constituted reversible error because he had offered to stipulate to the fact. Nicholson

apparently is confusing revealing his felon status to the jury with revealing the nature of the felony to the jury. This court in *State v. McAllister,* 153 Wis. 2d 523, 525, 451 N.W.2d 764, 765 (Ct. App. 1989), said:

> We conclude that where prior conviction of a felony is an element of the offense with which the defendant is charged and the defendant is willing to stipulate that he or she is a convicted felon, evidence of the nature of the felony is irrelevant if offered solely to establish the felony-conviction element of the offense. The trial court therefore abused its discretion in allowing the prosecutor to inform the jury as to the nature of McAllister's crime.

The nature of Nicholson's felony was not revealed to the jury, just the fact that he was a felon.

The crime of felon with a firearm has two elements under sec. 941.29(2), Stats., and they are: (1) the person must have been convicted of a felony, and (2) subsequent to that conviction the person must be in possession of the firearm. The prosecution is required to prove all elements of a crime to the jury beyond a reasonable doubt. *See In re Winship,* 397 U.S. 358, 361 (1970); *State v. Poellinger,* 153 Wis. 2d 493, 501, 451 N.W.2d 752, 755 (1990). When a prosecutor presents evidence before the jury of the defendant's status as a convicted felon, he or she is properly establishing one of the two elements of the charged crime. Therefore, it is not reversible error for the trial court to permit the revelation to the jury of the defendant's felon status. Reversible error would only arise when the nature of that felony

were revealed to the jury despite the offer to stipulate. *McAllister*, 153 Wis. 2d at 525, 451 N.W.2d at 765.

 *By the Court.*—Judgment affirmed.