STATE of Wisconsin, Plaintiff-Appellant,

v.

William N. PHILLIPS, Defendant-Respondent.†

Court of Appeals

*No. 92–1253–CR. Submitted on briefs November 2, 1992.—Decided November 17, 1992.*

(Also reported in 493 N.W.2d 238.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Ruth S. Downs*, assistant state public defender.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The state appeals the trial court's order dismissing the Information charging William Phillips with unlawfully possessing a firearm as a felon contrary to sec. 941.29, Stats. The state argues that the trial court erroneously ruled that sec. 973.033, Stats., added an additional element to the sec. 941.29, Stats., offense of possession of a firearm by a felon. We agree and reverse the order.

On June 18, 1990, Phillips was convicted and sentenced for committing a Class D felony. The court sentencing Phillips for that offense failed to inform him of the state restrictions on his possession of a firearm, as required by sec. 973.033, Stats.

On January 15, 1992, the police found Phillips in possession of a .22 caliber rifle. Because of his previous felony conviction, the state charged Phillips with being a felon in possession of a firearm, contrary to sec. 941.29, Stats. Phillips moved to dismiss the information because the trial court in 1990 had not informed him of the firearm restriction. Phillips argued that a violation of sec. 941.29 could be established only with proof that pursuant to sec. 973.033, Stats., the sentencing court for

the underlying felony conviction informed him that as a felon he could not legally possess a firearm. The trial court agreed and dismissed the information.

Section 941.29, Stats., effective March 31, 1982, provides in part:

> Possession of a firearm.    (1) A person is subject to the requirements and penalties of this section if he or she has been:
>
> (a)   Convicted of a felony in this state.
>
> (b)   Convicted of a crime elsewhere that would be a felony if committed in this state.
>
> (c)   Found not guilty of a felony in this state by reason of mental disease or defect.
>
> (d)   Found not guilty of or not responsible for a crime elsewhere that would be a felony in this state by reason of insanity or mental disease, defect or illness.
>
> (2)   Any person specified in sub. (1) who, subsequent to the conviction for the felony or other crime, as specified in sub. (1), or subsequent to the finding of not guilty or not responsible by reason of insanity or mental disease, defect or illness, possesses a firearm is guilty of a Class E felony.

Section 973.033, Stats., effective March 31, 1990, provides:

> Sentencing; restriction on firearm possession. Whenever a court imposes a sentence or places a defendant on probation regarding a felony conviction, the court shall inform the defendant of the requirements and penalties under s. 941.29.

The sec. 973.033, Stats., "notice" statute was not enacted contemporaneously with sec. 941.29, Stats., but was in effect at the time of Phillips' underlying conviction. Phillips contends the state must prove compliance with sec. 973.033 before obtaining a conviction for violation of sec. 941.29. This appeal presents an issue of statutory interpretation, a question of law that this court reviews independently of the trial court. *Brandt v. LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 480 N.W.2d 494 (1992).

Unless there is an ambiguity, the plain meaning of a statute's terms must be followed. *State v. Livingston*, 159 Wis. 2d 561, 573, 464 N.W.2d 839, 844 (1991). A statute is ambiguous if well-informed individuals could understand it in two or more different senses. *State v. Folk*, 117 Wis. 2d 42, 45, 342 N.W.2d 761, 763 (Ct. App. 1983). A court may deem a statute ambiguous because of its interaction with a separate statute. *Shorewood v. Steinberg*, 166 Wis. 2d 794, 802 n.8, 480 N.W.2d 780, 783 n.8 (Ct. App. 1992). Sections 973.033 and 941.29, Stats., however, are not ambiguous, whether looked at individually or in tandem.

Section 941.29, Stats., lists the elements required to prove a felon in possession of a firearm violation. In *State v. Nicholson*, 160 Wis. 2d 803, 807, 467 N.W.2d 139, 141 (Ct. App. 1991), we observed sec. 941.29 had two elements: That the accused is a convicted felon and that the accused was in possession of a firearm. Nothing in the plain language of sec. 941.29 leads one to believe a notification element to sec. 941.29 exists.

Section 973.033, Stats., is a straightforward directive to sentencing courts to notify defendants convicted

of felonies that they may not possess firearms. It does not mention or even intimate that a failure on the court's part will result in the nullification of sec. 941.29, Stats. In fact, if sec. 973.033 were read as Phillips contends it should be, it would effectually legalize the possession of firearms in Wisconsin for felons convicted outside the state because Wisconsin has no way of directing equivalent notification in other states. This reading would directly contravene the plain language of sec. 941.29(1)(b) and (d) that prohibits felons convicted elsewhere from possessing firearms in Wisconsin, leading to an absurd result. We will not interpret statutes to lead to an absurd result. *State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987).

Phillips argues that *State v. Collova,* 79 Wis. 2d 473, 255 N.W.2d 581 (1977), where our supreme court found that one could not be convicted for driving without a license under sec. 343.44, Stats., if he did not know that his license had been revoked, is analogous. We disagree. The *Collova* court stated that it believed "the legislature intended in sec. 343.44 to impose on drivers not strict criminal liability, but a high objective standard of care." *Id.* at 487, 255 N.W.2d at 588. The legislature's intention in enacting sec. 941.29, Stats., was to impose strict criminal liability.

Moreover, the notification in *Collova* that the defendant's license had been revoked is not analogous to the notification that felons may not possess firearms. Rather, it is analogous to notification to Phillips that he is a convicted felon. The notification that felons may not possess firearms is analogous to notice in a *Collova* scenario that driving when one's license is revoked is illegal. *Collova* itself states, "The defendant's ignorance of the law or negligence as to the existence of the law is not a

defense. Thus the defendant's failure to know that driving without a license is a crime is not a defense." *Id.* at 488, 255 N.W.2d at 588 (footnote omitted). Neither is failure to know that felons may not possess firearms a defense to violation of sec. 941.29, Stats. Thus, *Collova* does not persuade us to abandon the plain language of sec. 941.29, but rather supports our analysis.

Because the plain language of sec. 941.29, Stats., does not mandate sec. 973.033, Stats., notice, we reverse the trial court's dismissal of the information and remand the matter to the trial court for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.