KLOPPENBURG, J.[1]
¶1 Stuart Topping appeals a judgment revoking his driver's license for two years. He challenges the circuit court's factual finding that he refused to submit to a breath test after his arrest for operating a motor vehicle while intoxicated. Because I conclude that Topping fails to show that the court's finding is clearly erroneous, I affirm.
BACKGROUND
¶2 The following facts are undisputed. In May 2017, Stuart Topping was pulled over by Monona Police Officer Jacob Ostrowski after Ostrowski observed Topping's car speeding and weaving between lanes. Suspecting that Topping was operating under the influence of alcohol, Ostrowski conducted three field sobriety tests, all of which Topping failed. Ostrowski then attempted to administer a preliminary breath test to Topping, but a result did not register because Topping did not blow into the apparatus with sufficient force.
¶3 Ostrowski then placed Topping under arrest and took him to the Monona Police Department, where he read Topping the Wisconsin Informing the Accused form and asked Topping again to submit to a breath test. During the approximately nine-minute dialogue that followed, Topping asked a series of questions-some of them duplicative-about alternatives to submitting to the test, where and when the breath test and alternative tests would be conducted, and what the result would be if he refused to take the breath test. Topping also asked both that Ostrowski re-read part of the form to him, and that he be allowed to re-read it himself. Ostrowski re-read the form as requested, allowed Topping to re-read the form himself, and repeatedly explained the result if Topping refused the breath test. Over the course of the interview, Ostrowski directly asked Topping whether he would take the breath test six different times, but Topping never gave an unequivocal response. Ostrowski then informed Topping that he would be marked as a refusal.
¶4 Topping requested a refusal hearing, which was held before the circuit court in January 2018. Ostrowski and Topping testified at the hearing, and the State played a video recording of Ostrowski's interview of Topping. At the conclusion of the hearing, the court determined that Topping had refused to submit to the breath test, finding that Topping was informed of his rights, that there was probable cause to conduct the test, and that Topping's extended equivocation and "refusal to answer either yes or no" in response to Ostrowski's direct questioning constituted a refusal to submit to the test. Topping appeals, challenging only the court's factual finding that he refused to submit to the breath test.
DISCUSSION
¶5 WISCONSIN STAT. § 343.305, known as the implied consent law, provides that an officer may request a chemical test of a person's blood, breath, or urine after the person is arrested for violating an OWI-related statute. Sec. 343.305(3)(a). At the time of the request for a sample, the officer must read to the person certain information set forth in § 343.305(4), referred to as the Informing the Accused form.
¶6 If the person refuses to submit to chemical testing, he or she is informed of the State's intent to immediately revoke his or her operating privileges. WIS. STAT. § 343.305(9)(a). The person is also informed that he or she may request a refusal hearing in court. Sec. 343.305(9)(a)4. A refusal hearing is conducted before the court without a jury. At the refusal hearing, the issues a defendant may raise are limited to those set forth in § 343.305(9)(a)5. : (1) whether the officer had probable cause to believe the person was driving or operating a motor vehicle while under the influence of an intoxicant; (2) whether the officer complied with the informational provisions of § 343.305(4) (by reading the Informing the Accused form to the person); (3) whether the person refused to submit to the test; and (4) whether the refusal to submit to the test was due to a physical inability unrelated to the person's use of alcohol. Sec. 343.305(9)(a)5. ; State v. Wille , 185 Wis. 2d 673, 679, 518 N.W.2d 325 (Ct. App. 1994). As stated, Topping raises only the third issue, whether Topping refused to submit to the test, on appeal.
¶7 Topping challenges the circuit court's determination of what he refers to as the "factual question" of whether he refused to take the breath test. Appellate courts review a circuit court's factual findings at a bench trial under the "clearly erroneous" standard, with due regard for the court's ability to assess the credibility of witnesses. WIS. STAT. § 805.17(2) ("Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses."). Consistent with this standard:
Findings of fact by the [circuit] court will not be upset on appeal unless they are against the great weight and clear preponderance of the evidence. The evidence supporting the findings of the [circuit] court need not in itself constitute the great weight or clear preponderance of the evidence; nor is reversal required if there is evidence to support a contrary finding. Rather, to command a reversal, such evidence in support of a contrary finding must itself constitute the great weight and clear preponderance of the evidence. In addition, when the trial judge acts as the finder of fact, and where there is conflicting testimony, the trial judge is the ultimate arbiter of the credibility of the witnesses. When more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the inference drawn by the trier of fact.
Cogswell v. Robertshaw Controls Co. , 87 Wis. 2d 243, 249-50, 274 N.W.2d 647 (1979) (citations omitted).[2]
¶8 The video recording of Ostrowski's interview with Topping shows the following: Ostrowski took approximately five minutes to read Topping the Informing the Accused form and asked Topping six times over the approximately nine-minute dialogue that followed to submit to a breath test. Topping asked three times about taking an alternative test and Ostrowski responded each time that Topping could take an alternative test only if he took the requested breath test (e.g., Topping asked, "Oh, I got to take your breath test ... and then get another test?" and Ostrowski answered, "[C]orrect. You have to take our breath test in order to take the second alternative test."). Topping asked three times what would happen if he did not take the breath test, and in response Ostrowski answered that he "would be marked as a refusal"; Ostrowski re-read the form informing Topping that "[i]f you refuse to take any test this agency requests, your operating privilege will be revoked; and you will be subject to other penalties"; and, using his own words, Ostrowski told Topping that Topping's driver's license would be revoked. Approximately twelve minutes after the interview began, Ostrowski twice told Topping that he needed to answer yes or no regarding whether he was going to take the breath test, and that if he did not, Ostrowski would mark him as a refusal. Then, at approximately thirteen minutes after the interview began, when Topping continued to equivocate, Ostrowski marked him as a refusal.
¶9 Based on this evidence, the circuit court's finding that Topping refused the breath test was not clearly erroneous. The court found, and the video shows, that Ostrowski was patient in answering Topping's repeated questions and "went above and beyond in terms of communicating with" Topping. The court also found that Topping's failure to respond was "tantamount to a no or a refusal" after so many minutes of equivocating. It was reasonable for the court to infer from Topping's extended equivocation and refusal to answer either yes or no in response to Ostrowski's direct questioning that Topping had refused the test. See Welytok v. Ziolkowski , 2008 WI App 67, ¶27, 312 Wis. 2d 435, 752 N.W.2d 359 ("Where ... more than one reasonable inference can be drawn from the credible evidence, we accept the reasonable inference drawn by the circuit court sitting as fact finder."); Klein-Dickert Oshkosh, Inc. v. Frontier Mortgage Corp. , 93 Wis. 2d 660, 663, 287 N.W.2d 742 (1980) (appellate court is bound by the circuit court's choice among reasonable inferences from credible evidence). See also State v. Brar , 2017 WI 73, ¶133, 376 Wis. 2d 685, 898 N.W.2d 499 (Abrahamson, J., dissenting) (where video recording shows that the defendant was "stalling," the defendant by his conduct refused to allow the chemical test) (citing State v. Rydeski , 214 Wis. 2d 101, 107, 571 N.W.2d 417 (Ct. App. 1997) (driver's stalling conduct qualified as refusal)); Village of Elkhart Lake v. Borzyskowski , 123 Wis. 2d 185, 191, 366 N.W.2d 506 (Ct. App. 1985) (driver's conduct that prevented officer from obtaining accurate breath sample qualified as refusal).
¶10 Topping makes three arguments to the contrary, none of which has merit. First, he argues that he never actually refused or said no. However, the fact that Topping did not affirmatively say that he would not take the test does not mean that it was clearly erroneous for the circuit court to infer refusal from Topping's extended equivocation in response to Ostrowski's repeated explanations and requests. See State v. Reitter , 227 Wis. 2d 213, 234, 595 N.W.2d 646 (1999) ("The implied consent law does not require a verbal refusal.").
¶11 Second, Topping argues that he did not "constructively refuse" the test because: (1) he did not completely understand the information Ostrowski provided; and (2) he was concerned with the veracity of the information Ostrowski provided because he disagreed with certain statements Ostrowski made related to his arrest. See id. at 218 (constructive refusal occurs where "a defendant expresses no confusion about his or her understanding of the statute"). The record refutes this argument. In his briefing on appeal Topping acknowledges that during the interview he asked "reasonable," "clarifying" questions in an effort to reach a complete understanding, and at the hearing he testified that Ostrowski answered his questions as to both the consequences of refusal and alternatives to taking the breath test. Consistent with his testimony at the hearing, his responses to Ostrowski's answers during the interview show that he understood both that he had to submit to the breath test before he could take an alternative test and that his license would be revoked if he refused. In his briefing Topping does not identify what information he still did not understand, nor does he identify what mistaken information relevant to taking the breath test and to refusal he thought Ostrowski was providing him.
¶12 Third, Topping argues that, as the video recording shows, "[f]inally, after brief consideration, he affirmatively asked to take the test, and the officer refused to administer it." In fact, Topping did not ask to take the test until more than thirteen minutes of the interview had elapsed. During those thirteen minutes, Topping repeatedly asked the same questions, and Ostrowski repeatedly gave the same answers-that Topping had to submit to the breath test before he could take an alternative test and that his license would be revoked if he refused the breath test. Then, within seconds of Ostrowski telling Topping that he was being marked as a refusal, Topping changed course and said he would take the test. As a matter of law, that Topping later changed his mind is not relevant to his having refused in the first place. See Rydeski , 214 Wis. 2d at 109 (the driver's "willingness to submit to the test, subsequent to his earlier refusal, does not cure the refusal").
CONCLUSION
¶13 Because Topping fails to show that the circuit court's factual finding that Topping refused to submit to a breath test is clearly erroneous, I affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted. The State did not submit a respondent's brief, and I have determined that this appeal may be decided based solely on Topping's brief and the record.

While Topping frames his arguments around the circuit court's factual finding of refusal, I note that even if the issue of Topping's refusal were reviewed de novo, see State v. Sutton , 177 Wis. 2d 709, 713, 503 N.W.2d 326 (Ct. App. 1993) (the application of Wisconsin's implied consent law to undisputed facts presents a question of law which this court reviews independently), the result of the analysis based on my review of the video recording of the interview would be the same. See State v. Jimmie R.R. , 2000 WI App 5, ¶39, 232 Wis. 2d 138, 606 N.W.2d 196 (1999) (when evidence is reflected in a video recording, this court is in the same position as the circuit court to determine a question of law based on the recording).