COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1118-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF4173

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TIMOTHY CHRISTOPHER SCOTT, JR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE and MICHELLE ACKERMAN HAVAS, Judges. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Timothy Christopher Scott, Jr. appeals from a judgment of conviction entered following a jury trial for two counts of first-degree recklessly endangering safety by use of a dangerous weapon, one count of possession of a firearm by a person adjudicated delinquent, and one count of felony bail jumping. He also appeals an order of the circuit court denying his postconviction motion for relief, without a hearing. He argues on appeal that he received ineffective assistance of counsel and that the trial court erred when it denied his motion to dismiss count three for possession of a firearm by a person adjudicated delinquent. For the reasons set forth below, we affirm.

## BACKGROUND

¶2 On September 9, 2017, Scott was charged with two counts of first-degree recklessly endangering safety by use of a dangerous weapon, one count of possession of a firearm by a person adjudicated delinquent, and one count of felony bail jumping following a shooting that occurred at 2725 West Capitol Drive in Milwaukee on May 24, 2017. According to the criminal complaint, an eyewitness, Nicole,[1] was waiting at a bus stop when she saw an accident at the entrance to a gas station between "a four-door 'dirty bronze' vehicle with dark tinted windows" and "a four[-]door gray Nissan with dark tinted windows." She also told police that "the bronze vehicle proceeded to exit the lot and drive north," and then "it was stopped in the far right lane when the front passenger of the vehicle suddenly opened his door and produced a handgun." She stated the passenger "fired about eight gunshots" and said it was "a black handgun and it

___

[1] For ease of reading and to protect confidentiality, we use a pseudonym when referring to the eyewitness in this case.

2

appeared to have an extended magazine." When she subsequently viewed a photo array, Nicole identified Scott as the passenger in the bronze vehicle who fired the shots. Further investigation also led police to find a firearm matching the bullet casings left at the scene in a vehicle connected to Scott, and a gun case with the same serial number as the firearm in a search of Scott's residence.

¶3 Scott proceeded to a jury trial in December 2018.[2] Nicole testified at the trial; however, at times she denied making some of her prior statements to police of what she saw and her identification of Scott that she previously provided to the police. As a result, the State called Detective Kent Gordon to testify regarding his interview of Nicole, during which she provided statements detailing her account of the shooting, and the State also called Detective Steven Johnson to testify about Nicole's identification of Scott during the photo array. Trial counsel did not object to this testimony from these detectives.

¶4 Over the course of the trial proceedings, Scott also moved—once on the first day of trial and again at the close of the State's case—to dismiss count three for possession of a firearm by a person adjudicated delinquent on the basis that his delinquency adjudication was void because, at the time of his adjudication, the juvenile court failed to inform him of his right to petition the court for release from the firearms prohibition under WIS. STAT. § 941.29(8) (2019-20),[3] as

---

[2] The Honorable T. Christopher Dee presided over Scott's trial and denied Scott's motion to dismiss count three for possession of a firearm by a person adjudicated delinquent. The Honorable Michelle Ackerman Havas entered the decision and order denying Scott's postconviction motion. We refer to Judge Dee as the trial court and Judge Havas as the circuit court.

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

required by WIS. STAT. § 938.341. Scott also contended that the State failed to allege and prove what he argues is an element of the charge of possession of a firearm by a person adjudicated delinquent contained in § 941.29(8)—namely, that Scott was not exempt from § 941.29(1m)(bm).[4] Thus, Scott argued that the State failed to "charge a crime."

¶5 The trial court denied his motion. In so doing, the trial court found WIS. STAT. § 941.29(8) "is an option" for Scott to ask the court to find him eligible to possess a gun and is not a "requirement or a penalty" under § 941.29(1m)(bm) that the juvenile court was required to inform Scott of under WIS. STAT. § 938.341. Thus, the trial court found that the juvenile court was not required to inform Scott at the time of the juvenile adjudication of that option. Scott then stipulated to his prior delinquency adjudication, and the jury was informed that Scott had been adjudicated delinquent prior to May 24, 2017, and was, as a result, prohibited from possessing a firearm.

¶6 The jury ultimately found Scott guilty of all counts, and the trial court subsequently sentenced him to a total of fourteen years of imprisonment, composed of nine years of initial confinement and five years of extended supervision.

¶7 Scott filed a motion for postconviction relief in which he argued that his trial counsel was ineffective for failing to object to the testimony of Detectives Gordon and Johnson. The circuit court denied his motion without a hearing,

---

[4] WISCONSIN STAT. § 941.29(8) provides that § 941.29(1m)(bm) does not apply to a person adjudicated delinquent if a court subsequently determines that the person is not likely to act in a manner dangerous to public safety.

4

finding that the testimony of Detectives Gordon and Johnson was not hearsay and was admissible as testimony of the prior inconsistent statements of Nicole. In so doing, the circuit court rejected Scott's reliance on *State v. Lenarchick*, 74 Wis. 2d 425, 247 N.W.2d 80 (1976), saying that it did not apply to the situation presented:

> Unlike *Lenarchick*, here, the court did not need to make a determination regarding [Nicole]'s memory failure and whether it rendered her testimony inconsistent with her prior statements. While the defendant attempts to paint [Nicole]'s testimony as pure memory failure, in fact, [Nicole] made a number of blanket statements divorced from her memory issues, which were patently inconsistent with the statements that were subsequently introduced through the detectives.

This appeal follows.

## DISCUSSION

### I. Ineffective Assistance of Counsel

¶8 Scott argues that he received ineffective assistance of counsel because his trial counsel failed to object to what Scott alleges was hearsay testimony from Detectives Gordon and Johnson about Nicole's statement and identification of Scott. We disagree.

¶9 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. *Id.* "To demonstrate deficient performance, the defendant must show that his

counsel's representation 'fell below an objective standard of reasonableness' considering all the circumstances." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted).

¶10    "An ineffective assistance of counsel claim presents a mixed question of fact and law." *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." *Id.* "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." *Id.*

¶11    Scott argues that trial counsel's performance was deficient because the testimony of Detectives Gordon and Johnson about Nicole's statements and identification of Scott did not qualify as prior inconsistent statements. *See* WIS. STAT. § 908.01(4)(a)1. We disagree and conclude that trial counsel's performance was not deficient for failing to object to the testimony of Detectives Gordon and Johnson because the testimony was admissible as prior inconsistent statements of Nicole.

¶12    Under WIS. STAT. § 908.01(4)(a)1., prior statements of a witness are admissible if the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is inconsistent with the declarant's testimony. *See State v. Prineas*, 2012 WI App 2, ¶18, 338 Wis. 2d 362, 809 N.W.2d 68. That is all that is required, and those requirements were met here. *See id.* For this reason, we also reject Scott's argument that, under *Lenarchick*, 74 Wis. 2d at 436, there needed to be some showing that Nicole's denials and memory loss were not in good faith. Furthermore, Nicole's testimony contained statements directly contradicting her prior statements, making her testimony more

than the lack of recollection addressed in **Lenarchick**. *See **id.*** (witness "denies recollection of a prior statement").

¶13 In fact, we agree with the circuit court's description that Nicole made "a number of blanket statements divorced from her memory issues" that were "patently inconsistent" with the statements she originally gave to the police. As examples, Nicole began her testimony denying that she ever saw or heard a shooting on May 24, 2017, and stated that "I just got on a bus," and further testified that "I didn't speak to nobody." As another example, in response to a question from the prosecutor asking if Nicole recalled speaking to a police officer regarding a four-door Nissan, she again said, "No, I didn't talk to nobody that day." On cross-examination, Nicole continued testifying in a similar manner with answers that were inconsistent with her prior statement such as saying, "No," when asked whether she was "able to describe the car that the shooter was in." At other times during her testimony, Nicole even presented a version of events in which she was not at the bus stop but instead was inside the gas station at the time of the shooting and was unable to see anything. As a result, Nicole's testimony was inconsistent with her prior statements and her identification of Scott.

¶14 Consequently, the testimony from Detectives Gordon and Johnson about Nicole's prior statements to police and identification of Scott was admissible as the prior inconsistent statements of Nicole, and trial counsel's performance cannot be considered deficient for failing to make a meritless objection to the detectives' testimony. *See **State v. Wheat***, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441 ("Failure to raise an issue of law is not deficient performance if the legal issue is later determined to be without merit."). Accordingly, Scott's claim for ineffective assistance of counsel fails, and we do not address Scott's argument that he was prejudiced. *See **State v. Floyd***, 2016 WI

7

App 64, ¶22, 371 Wis. 2d 404, 885 N.W.2d 156 ("If the defendant fails to prove either prong, we need not address whether the other prong was satisfied.").

## II. Motion to Dismiss Count Three for Possession of a Firearm by a person adjudicated delinquent

¶15     Scott additionally argues that the trial court erred when it denied his motion to dismiss count three for possession of a firearm by a person adjudicated delinquent contrary to WIS. STAT. § 941.29(1m)(bm) because it is undisputed that "the juvenile court had failed to inform [Scott] of his right to petition the court for release from the firearm prohibition, his adjudication was invalid."[5]  He argues that pursuant to WIS. STAT. § 938.341, the juvenile court must inform a juvenile of the "mandates" of § 941.29, which includes the juvenile's right to petition the court for release from the firearm prohibition, and the State was required to prove that Scott received the proper notice at the time of the juvenile adjudication.

¶16     Scott additionally argues that WIS. STAT. § 941.29(8) creates a new element of proof before a defendant can be found guilty of felon in possession of a firearm based upon a juvenile adjudication—that element being that the defendant is not exempt from the firearms prohibition under the provision set forth in § 941.29(8).  In other words, Scott argues that the State must allege and prove that this exemption did not apply to Scott.  He also contends that an information is required to list all the elements of the charged crime and that the information in this case did not allege this element.  Therefore, Scott argues that the information

---

[5] We note that Scott does not contend that the juvenile court did not inform him that he could not possess a firearm in the future.

here "charges no crime [and] is void," resulting in the trial court lacking jurisdiction.[6]

¶17    There are three main statutes at issue here.  First, WIS. STAT. § 941.29(1m)(bm) makes it a Class G felony to possess a firearm for a person who has been adjudicated delinquent for an act, committed on or after April 21, 1994, that would be considered a felony if committed by an adult.  WISCONSIN STAT. § 941.29(8) then states that "[t]his section does not apply to any person specified in sub. (1m)(bm) if a court subsequently determines that the person is not likely to act in a manner dangerous to public safety."  It further provides that "[i]n any action or proceeding regarding this determination, the person has the burden of proving by a preponderance of the evidence that he or she is not likely to act in a manner dangerous to public safety."  *Id.*  Last, WIS. STAT. § 938.341 states, "Whenever a court adjudicates a juvenile delinquent for an act that if committed by an adult in this state would be a felony, the court shall inform the juvenile of the requirements and penalties under [§] 941.29."

¶18    Scott's arguments require this court to review the trial court's interpretation of those statutes.  "[S]tatutory interpretation 'begins with the language of the statute.  If the meaning of the statute is plain, we ordinarily stop the inquiry.'"  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted).  We review issues of

---

[6] The State argues that Scott has abandoned his argument that he made in the trial court and forfeited his new argument on appeal because he failed to raise it below.  We conclude that Scott raised the same two arguments before the trial court that he raised on appeal.  Therefore, Scott has not forfeited those same arguments on appeal.

statutory interpretation independently. *Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶9, 315 Wis. 2d 350, 760 N.W.2d 156.

*A juvenile court need not inform the juvenile of WIS. STAT. § 941.29(8)*

¶19 Scott argues that the notice requirement in WIS. STAT. § 938.341 adds an additional element to the provision in WIS. STAT. § 941.29(1m)(bm). In other words, Scott contends that when read together, §§ 938.341, 941.29(1m)(bm), and 941.29(8) set forth three elements to the offense of possession of a firearm by a felon—as applied in Scott's case, the elements would be: (1) that Scott was adjudicated delinquent for an act that would be a felony if committed by an adult; (2) that he possessed a firearm subsequent to the adjudication; and (3) that the juvenile court orally informed him that if a court subsequently determined that he was not likely to act in a manner dangerous to public safety he would be able to possess a firearm in the future.

¶20 First, as noted, WIS. STAT. § 938.341 is a notice requirement that provides that "the court shall inform the juvenile of the requirements and penalties under [WIS. STAT. §] 941.29." We conclude that the provision in § 941.29(8) that the firearms prohibition does not apply to a person adjudicated delinquent "if a court subsequently determines that the person is not likely to act in a manner dangerous to public safety" does not constitute a "requirement or penalty" under § 938.341. Rather, the requirement, as it applies to Scott is that after he was adjudicated delinquent, he could never possess a firearm. Nothing in § 941.29(8) requires the juvenile court to take any action, and nothing in § 941.29(8) requires the juvenile court to make any such determination at the time of the delinquency adjudication. Instead, the statute puts the burden on the "person" to petition the court and prove that he or she is not likely to act in a manner dangerous to public

safety and is, thus, exempt from the firearm prohibition. Additionally, as the trial court recognized, a person adjudicated delinquent does not have to violate § 941.29 for subsec. (8) to apply, and the plain language of the statute indicates that a person can seek a determination under subsec. (8) separate and apart from the juvenile proceedings or any criminal proceedings under § 941.29. Consequently, we conclude that § 941.29(8) is neither a requirement nor a penalty under § 938.341 and, therefore, the juvenile court was not required to inform Scott of the provision in § 941.29(8) at the time of his adjudication.

¶21 Second, even if WIS. STAT. § 938.341 required the juvenile court to advise Scott of the provision in WIS. STAT. § 941.29(8), it would have no bearing on whether he was guilty of violating § 941.29(1m)(bm). In addressing an argument similar to the one Scott now brings, we stated in *State v. Carter*, No. 2014AP2707-CR, unpublished slip op. at ¶¶12-13 (WI App July 14, 2015), that "we cannot ignore the plain language of the statutes" and concluded there that the juvenile court's failure to comply with the notice requirement in § 938.341—to inform the juvenile that he could never possess a firearm—at the time of the delinquency adjudication "has no bearing on whether he is guilty of violating § 941.29's prohibition."[7] *See also State v. Phillips*, 172 Wis. 2d 391, 394-95, 493 N.W.2d 238 (Ct. App. 1992). In other words, there was no notice requirement that the State needed to prove in order to bring a charge for possession of a firearm by a person adjudicated delinquent, and the State was only required to prove two

---

[7] We cite and discuss *State v. Carter*, No. 2014AP2707-CR, unpublished slip op. (WI App July 14, 2015) for its persuasive value. *See* WIS. STAT. RULE 809.23(3)(b) ("[A]n unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel … may be cited for its persuasive value."). We are persuaded by this court's analysis in *Carter*. The statute at issue there was the predecessor to WIS. STAT. § 941.29(1m)(bm). *See* 2015 Wis. Act 109, §§ 6, 8.

elements—that the defendant was adjudicated delinquent and possessed a firearm. *See Carter*, No. 2014AP2707-CR, ¶¶11-12 (quoting *Phillips*, 172 Wis. 2d at 394-95).

¶22 In *Carter*, we further stated that

> [t]here is no substantive difference between the statute requiring courts to inform adult felons of the penalties they face for possessing a firearm pursuant to WIS. STAT. § 941.29, and the statute requiring the courts to inform juvenile delinquents of the same. *See* WIS. STAT. §§ 973.176 (adults) & 938.341 (juveniles). And the language of the statute penalizing possession of firearms is also the same for both adult felons and juvenile delinquents. *See* § 941.29. Consequently, we must conclude, as did the circuit court in this case, that *Phillips* is controlling. While Carter spends a great deal of time trying to convince us that public policy demands a different result, we cannot ignore the plain language of the statutes.

*Carter*, No. 2014AP2707-CR, ¶12.

¶23 In reaching this conclusion, we noted that WIS. STAT. § 941.29 "does not mandate … notice," and "[n]othing in the plain language of [§] 941.29 leads one to believe a notification element to [§] 941.29 exists." *See Carter*, No. 2014AP2707-CR, ¶11 (quoting *Phillips*, 172 Wis. 2d at 394-96). We, thus, construed the statute requiring notice to juveniles about the prohibition on possessing a firearm as just that—a notice requirement—which had no ability to nullify a subsequent charge under § 941.29. *See Carter*, No. 2014AP2707-CR, ¶¶11-12. We further rejected the argument that "any problems with [the] juvenile adjudication were compounded when [the defendant] was subsequently charged." *Id.*, ¶12. Therefore, to bring a charge under § 941.29, the State was not required to prove the juvenile court's compliance with statutory notice requirements applicable at the time of the underlying juvenile adjudication, and the juvenile

12

court's compliance (or lack thereof) did not negate the State's ability to bring a charge for possession of a firearm. *See Carter*, No. 2014AP2707-CR, ¶12.[8]

¶24 The same reasoning applies here. The language of WIS. STAT. § 941.29(1m)(bm) is plain and only requires proof of the two elements—namely that Scott was adjudicated delinquent for an act that would be a felony if committed by an adult and that Scott possessed a firearm. *See* WIS JI—CRIMINAL 1343. We conclude that even if WIS. STAT. § 938.341 requires the juvenile court to give Scott notice of the exemption in § 941.29(8), there is no requirement that the State prove the juvenile court's compliance with the notice requirement in § 938.341.

*The State need not allege or prove that WIS. STAT. § 941.29(8) did not apply*

¶25 Scott additionally argues that WIS. STAT. § 941.29(8), creates a new element of proof before a defendant can be found guilty of felon in possession of a firearm based upon a juvenile adjudication—that element is that the defendant was not exempt from the firearms prohibition under the provision set forth in § 941.29(8). In other words, he contends that the State must allege and prove that the exemption did not apply to Scott. He also contends that the information must allege all elements required of the charged crime and that the State did not allege or prove that Scott was not exempt under the statutory exemption. Therefore, he

---

[8] We additionally concluded that the language for adult felons and juvenile delinquents is the same and, thus, ***Phillips*** controlled despite the fact that ***Phillips*** involved a predicate offense from adult court. *See **Carter***, No. 2014AP2707-CR, ¶12. We reached this conclusion in the face of arguments from the defendant "that public policy demands a different result." ***Id.*** Thus, we reject Scott's invitation to treat firearm possession involving prior juvenile adjudications different than those involving prior convictions in adult court.

argues that the information in this case did not properly charge Scott with the crime of felon in possession of a firearm and the trial court did not have jurisdiction.

¶26 Like the defendant in *Carter*, Scott spends a great deal of time trying to convince us that public policy demands a different result. He argues that Wisconsin courts have concluded that juveniles are treated far differently than adults and that applicable case law requires that juveniles be treated differently than adults. Scott then asserts that adults and juveniles are treated differently under WIS. STAT. § 941.29(1m)(bm). He contends that the prohibition of possession of a firearm for adults and a person adjudicated delinquent are different—the prohibition for an adult is an absolute lifetime prohibition, but is not absolute for a juvenile because § 941.29(8) creates an exemption for a juvenile. He then argues that the exemption "has essentially become an element of a conviction under WIS. STAT. § 941.29 when the underlying felony is a juvenile adjudication."

¶27 As noted above, in *Carter*, this court stated that "[t]here is no substantive difference between the statute requiring courts to inform adult felons of the penalties they face for possessing a firearm pursuant to WIS. STAT. § 941.29, and the statute requiring the courts to inform juvenile delinquents of the same[.]" *Carter*, No. 2014AP2707-CR, ¶12. We also stated that "the language of the statute penalizing possession of firearms is also the same for both adult felons and juvenile delinquents." *Id.* We further stated that "[w]hile Carter spends a great deal of time trying to convince us that public policy demands a different result, we cannot ignore the plain language of the statutes." *Id.*

14

¶28 As we noted above, the plain language of WIS. STAT. § 941.29(1m)(bm) contains two elements that the State must prove: (1) that Scott was adjudicated delinquent for an act that would be a felony if committed by an adult and (2) that Scott possessed a firearm. Nothing in the language of § 941.29(8) adds anything to the State's burden, and in fact, the plain language of § 941.29(8) clearly places the burden of proof on the person seeking the exemption to the firearms prohibition found in subsec. (8).[9] To add subsec. (8) as an element for the State to prove in bringing a criminal charge under § 941.29(1m)(bm) would directly contradict the burden found in the language of the statute.[10]

¶29 Furthermore, contrary to Scott's argument, we note that the prohibition of possession of a firearm by an adult is not absolute. WISCONSIN STAT. § 941.29 contains several additional subsections that allow a person to exempt him or herself from the general firearms prohibition. *See* § 941.29(5)(a) (exemption for a person who has received a pardon); § 941.29(7) (exemption for a person who is "no longer insane or no longer has a mental disease, defect or

---

[9] WISCONSIN STAT. § 941.29(8) provides in its entirety that

> [t]his section does not apply to any person specified in sub. (1m)(bm) if a court subsequently determines that the person is not likely to act in a manner dangerous to public safety. In any action or proceeding regarding this determination, the person has the burden of proving by a preponderance of the evidence that he or she is not likely to act in a manner dangerous to public safety.

[10] To the extent that Scott argues that the State lacked evidence to prove this "exemption," we decline to address it because our conclusion that no such element exists is dispositive. *See* *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

illness").[11]  Scott has not provided any authority, and this court is not aware of any authority, holding that any of these other subsections constitute an element that the State must prove for a charge under § 941.29(1m)(bm).  We decline to treat subsec. (8) any differently despite subsec. (8)'s application to those who have previously been a part of the juvenile justice system.

## CONCLUSION

¶30  In sum, we conclude that trial counsel's performance was not deficient for failing to object to the testimony of Detectives Gordon and Johnson. We, therefore, reject Scott's argument that he received ineffective assistance of counsel.  We further conclude that WIS. STAT. § 941.29(8) does not create an additional element of proof for the State, either on its own or by way of the notice requirement in WIS. STAT. § 938.341 and, therefore, the trial court did not err in denying Scott's motion to dismiss count three.  Thus, we affirm the judgment and order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[11]  Similar to WIS. STAT. § 941.29(8), WIS. STAT. § 941.29(7) requires that a court make a determination.  The determination is that:  "(a) The person is no longer insane or no longer has a mental disease, defect or illness.  (b) The person is not likely to act in a manner dangerous to public safety."